UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MERRIMACK MUTUAL FIRE INSURANCE COMPANY :<br><br>Plaintiff,<br><br>V.<br><br>KIM RENCHY HODGE,<br>SALLY DURSO, and<br>CSAA AFFINITY INSURANCE COMPANY<br><br>Defendants. | Docket No.: 3:20-cv-791 |

## **COMPLAINT**

1. The plaintiff, Merrimack Mutual Fire Insurance Company ("Merrimack"), is an insurance company organized under the laws of Massachusetts with a principal place of business in Andover, Massachusetts.

2. The defendant, Kim Renchy Hodge ("Hodge"), is an individual who resides in Guilford, Connecticut.

3. The defendant, Sally Durso ("Durso"), is an individual who resides in Clinton, Connecticut.

4. The defendant, CSAA Affinity Insurance Company ("CSAA"), is an insurance company domiciled in Arizona and with a principal place of business in California.

5. Merrimack issued Homeowners Policy No. HP 315 08 80 to Hodge for the policy period from August 4, 2019 to August 4, 2020 ("the Merrimack Policy").

6. Durso filed a Complaint dated April 7, 2020 that asserts claims against Hodge as a result of an alleged accident that occurred on November 30, 2019. The lawsuit is captioned

*Sally Durso v. Kim Renchy-Hodge, Superior Court, Judicial District of New Haven* ("the Underlying Action").

7. A copy of the Complaint from the Underlying Action is attached as Exhibit 1.

8. This is an action for declaratory judgment pursuant to Federal Declaratory Judgment Act, 28 U.S.C. § 2201 in which Merrimack seeks a declaration of the Merrimack Policy.

9. Upon information and belief, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. Jurisdiction in this Court is proper under 28 U.S.C. § 1332(a)(1) in that Merrimack and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

11. Venue is proper in this Court under 28 U.S.C. § 1391(a) because all of the Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

12. Just prior to the accident referenced in the Complaint in the Underlying Action, Durso was driving Hodge's personal vehicle and had parked the vehicle in the driveway at Hodge's property.

13. After parking the vehicle, Durso exited the vehicle and walked around the back of the vehicle.

14. At or about the time Durso exited the vehicle and walked around the back, Hodge activated a handicap ramp that was part of the vehicle.

15. As Durso walked along the passenger side of the vehicle, Durso tripped over the ramp that extended from the vehicle.

16. Hodge sought coverage under the Merrimack Policy for the damages awarded in the Underlying Action.

17. Merrimack assigned counsel to defend Hodge in the Underlying Action subject to a reservation of rights to decline coverage.

18. CSAA issued Auto Policy No. CTSS-206698265 to Ms. Renchy Hodge with policy effective dates July 12, 2019 through July 12, 2020 ("the CSAA Policy").

19. Hodge's personal vehicle was a covered auto under the CSAA Policy.

20. The CSAA Policy provides coverage to Hodge for liability for bodily injury because of a motor vehicle accident.

21. Defense of Hodge in the Underlying Action was tendered to CSAA.

22. CSAA denied coverage to Hodge in the Underlying Action and refused to defend Hodge.

## FIRST COUNT—DECLARATORY JUDGMENT

23. The plaintiff repeats and re-alleges paragraphs 1 through 16 as if set forth fully herein.

24. The Merrimack Policy provides in part as follows:

    **SECTION II—EXCLUSIONS**

    A. "Motor Vehicle Liability"

       1. Coverages E and F do not apply to any "motor vehicle liability" if, at the time and place of an "occurrence", the involved "motor vehicle":

          a. Is registered for use on public roads or property;
          b. Is not registered for use on public roads or property, but such registration is required by a law, or regulation issued by a government agency, for it to be used at the place of the "occurrence"; or
          c. Is being:
             (1) Operated in, or practicing for, any prearranged or organized race, speed contest or other competition;
             (2) Rented to others;
             (3) Used to carry persons or cargo for a charge; or
             (4) Used for any "business" purpose except for a motorized golf cart while on a golfing facility.

2. If Exclusion A.1. does not apply, there is still no coverage for "motor vehicle liability", unless the "motor vehicle" is:

   a. In dead storage on an "insured location";
   b. Used solely to service a residence;
   c. Designed to assist the handicapped and, at the time of an "occurrence", it is:
      (1) Being used to assist a handicapped person; or
      (2) Parked on an "insured location";
   d. Designed for recreational use off public roads and:
      (1) Not owned by an "insured"; or
      (2) Owned by an "insured" provided the "occurrence" takes place:
         (a) On an "insured location" as defined in Definition B.6.a., b., d., e. or h.; or
         (b) Off an "insured location" and the "motor vehicle" is:
            (i)   Designed as a toy vehicle for use by children under seven years of age;
            (ii)  Powered by one or more batteries; and
            (iii) Not built or modified after manufacture to exceed a speed of five miles per hour on level ground;
   e. A motorized golf cart that is owned by an "insured", designed to carry up to four persons, not built or modified after manufacture to exceed a speed of 25 miles per hour on level ground and, at the time of an "occurrence", is within the legal boundaries of:
      (1) A golfing facility and is parked or stored there, or being used by an "insured" to:
         (a) Play the game of golf or for other recreational or leisure activity allowed by the facility;
         (b) Travel to or from an area where "motor vehicles" or golf carts are parked or stored; or
         (c) Cross public roads at designated points to access other parts of the golfing facility; or
      (2) A private residential community, including its public roads upon which a motorized golf cart can legally travel, which is subject to the authority of a property owners association and contains an "insured's" residence.

**DEFINITIONS**

**A.** In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We", "us" and "our" refer to the Company providing this insurance.

**B.** In addition, certain words and phrases are defined as follows:

1. "Aircraft Liability", "Hovercraft Liability", "Motor Vehicle Liability" and Watercraft Liability", subject to the provisions in **b.** below, mean the following:

    a. Liability for "bodily injury" or "property damage" arising out of the:

        **(1)** Ownership of such vehicle or craft by an "insured";
        **(2)** Maintenance, occupancy, operation, use, loading or unloading of such vehicle or craft by any person;
        **(3)** Entrustment of such vehicle or craft by an "insured" to any person;
        **(4)** Failure to supervise or negligent supervision of any person involving such vehicle or craft by an "insured"; or
        **(5)** Vicarious liability, whether or not imposed by law, for the actions of a child or minor involving such vehicle or craft.

25. Hodge's vehicle was registered for use on public roads on and before November 30, 2019.

26. Hodge's alleged liability for Durso's alleged injuries and damages in the Underlying Action arises out of the ownership, operation, use, loading, and/or unloading of Hodge's vehicle.

27. Hodge's alleged liability for Durso's alleged injuries and damages in the Underlying Action is excluded from the coverage afforded by the Merrimack Policy.

28. An actual controversy within the jurisdiction of this Court exists with respect to the allegations stated herein and with respect to the application of the terms, conditions, and exclusions of the policy to the claims asserted in the Underlying Action.

29. By reason of the Merrimack Policy terms, provisions, and conditions, Merrimack has no duty to defend or indemnify Hodge with respect to the claims and damages asserted by Durso in the Underlying Action.

**SECOND COUNT—DECLARATORY JUDGMENT**

30. The plaintiff repeats and re-alleges paragraphs 1 through 16 as if set forth fully herein.

31. Hodge's alleged liability for Durso's alleged injuries and damages in the Underlying Action arises out of the ownership, operation, use, loading, and/or unloading of Hodge's vehicle.

32. The alleged damages sought in the Underlying Action are for alleged bodily injury because of motor vehicle accident within the meaning and coverage of the CSAA Policy.

33. Hodge's alleged liability for Durso's alleged injuries and damages in the Underlying Action is covered by the CSAA Policy.

34. An actual controversy within the jurisdiction of this Court exists with respect to the allegations stated herein and with respect to the application of the terms, conditions, and exclusions of the CSAA Policy to the claims asserted in the Underlying Action.

35. By reason of the CSAA Policy terms, provisions, and conditions, CSAA has a duty to defend and, if necessary, indemnify Hodge with respect to the claims and damages asserted by Durso in the Underlying Action.

### THIRD COUNT—EQUITABLE SUBROGATION (AS TO CSAA)

36. The plaintiff repeats and re-alleges paragraphs 1 through 16 as if set forth fully herein.

37. To date, Merrimack has paid the full cost of Hodge's defense in the Underlying Action.

38. By paying the full cost of Hodge's defense in the Underlying Action, Merrimack discharged a legal obligation that should have been paid in full or in part by USAA.

39. Equity requires that USAA make restitution to Merrimack by reimbursing it for defense cost including but not limited to attorney's fees incurred in connection with the Underlying Action.

WHEREFORE, the plaintiff, Merrimack Mutual Fire Insurance Company, seeks a judgment:

A. Declaring that the Merrimack Policy does not cover the claims and damages alleged by Durso in the Underlying Action;

B. Declaring that Hodge is not entitled to coverage for the claims and damages alleged by Durso in the Underlying Action;

C. Declaring that the USAA Policy covers the claims and damages alleged by Durso in the Underlying Action;

D. Declaring that USAA has a duty to defend and, if necessary, indemnify Hodge for the claims and damages alleged by Durso in the Underlying Action;

E. Requiring USAA to reimburse Merrimack for defense costs including but not limited to attorney's fees paid by Merrimack to defend Hodge in the Underlying Action;

F. Awarding Merrimack money damages, attorney's fees, and costs; and

G. Awarding any other relief this Court deems just and proper.

DEMAND FOR JURY TRIAL

The plaintiff, Merrimack Mutual Fire Insurance Company, hereby demands a jury trial.

                Plaintiff,
                MERRIMACK MUTUAL FIRE INSURANCE COMPANY,
                By Its Attorney:

/s/ Scott T. Ober
Scott T. Ober, Esquire (ct23046)
sober@hassettanddonnelly.com
Sarah B. Christie, Esquire (ct29642)
schristie@hassettanddonnelly.com
Kelly E. Petter, Esquire (ct29762)
kpetter@hassettanddonnelly.com
Hassett & Donnelly, P.C.
City Place I
185 Asylum Street – 26th Floor
Hartford, CT  06013
(860) 247-0644

Dated:  June 8, 2020