**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **MERRIMACK MUT. FIRE INS. CO.** | : | |
| **Plaintiff** | : | |
| | : | **No. 20-cv-00791  (VLB)** |
| **v.** | : | |
| | : | |
| **KIM RENCHY HODGE,** | : | **May 21, 2021** |
| **SALLY DURSO, AND** | : | |
| **CSAA AFFINITY INS. CO.** | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

**MEMORANDUM OF DECISION**
**GRANTING PLAINTIFF'S MOTION TO COMPEL, Dkt. 38**

Before the Court is Plaintiff Merrimack Mutual Fire Insurance Company's ("Merrimack") motion to compel Defendant Sally Durso ("Ms. Durso") to respond to interrogatories and requests for production propounded on November 13, 2020. [Dkt. 38]. Ms. Durso opposes discovery to the extent that Merrimack seeks information beyond discovery produced in the underlying tort action that is the subject of this insurance coverage dispute. *See* [Dkt. 44 (Def. Mem. in Opp'n) at 1-2]. Ms. Durso resists discovery on the grounds that she has no interest in this litigation and the burden and expense of responding to discovery outweigh its limited value given the scope of issues here. [*Id.* at 3-5]. The Court disagrees and grants Merrimack's motion to compel, subject to the limitations set forth herein.

Background

As stated in the Court's decision denying Defendants CSAA Affinity Insurance Company ("CSAA") and Kim Renchy Hodge's ("Ms. Hodge") motion to dismiss [Dkt. 34], Ms. Durso sued Ms. Hodge in Connecticut Superior Court

1

seeking to recover economic and non-economic damages for injuries sustained when she fell in Ms. Hodge's driveway. [Dkt. 1-1, Pl. Ex. 1 (*Sally Durso v. Kim Renchy Hodge*, No. NNH-CV20-6104030-S, Conn. Super Ct. May 15, 2020)] ("Underlying Action")]. Ms. Durso's negligence complaint alleges that:

> On November 30, 2019, said premises were in a dangerous, defective, and unsafe condition which the defendant knew, or in the exercise of due care, should have known, in that the driveway area of the premises was not adequately illuminated.
>
> On November 30, 2019, at approximately 8:45 P.M., the plaintiff, who was an invitee upon said premises, was caused to fall as a result of said dangerous, defective and unsafe condition, thereby resulting in the injuries and losses hereinafter set forth.

[Underlying Action ¶¶ 2-3]

Merrimack issued a homeowner's insurance policy to Ms. Hodge for the relevant policy period. [Dkt. 42-2 (Am. Compl.) ¶ 5]. Ms. Hodge sought coverage and a defense under the Merrimack policy; Merrimack assigned defense counsel but reserved its rights to deny coverage. [Am. Compl. ¶¶ 16-17]. The Underlying Action was also tendered to Ms. Hodge's automobile liability insurer, CSAA. [Am. Compl. ¶¶ 18-20]. CSAA is defending Ms. Hodge without a reservation of rights. [Dkt. 18-1, Ex. B to CSAA and Hodge Mot. to Dismiss (May 5, 2020 coverage ltr)].

Merrimack commenced this action against Ms. Hodge, Ms. Durso, and CSAA pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. [Am. Compl. ¶ 8]. The two-count amended complaint seeks a declaration that Merrimack has no duty to defend or indemnify Ms. Hodge for expenses incurred defending against or

damages awarded in the Underlying Action. [Am. Compl. ¶¶ 21-29].[1] **The original complaint also alleged that CSAA denied coverage to Ms. Hodge and refused to defend her. [Dkt. 1 (Compl.) ¶ 22]. However, Merrimack amended its complaint to remove its claim for a declaration that coverage exists under the CSAA policy and for equitable subrogation against CSAA.** *See* **[Dkt. 42 (Pl. Mot. for Leave to File Am. Compl.),** *granted* **at Dkt. 46] (removing counts two and three of the complaint). There are no counterclaims or crossclaims. In other words, the sole remaining issue in this federal action is whether Merrimack is obliged to defend or indemnify Ms. Hodge for the damages alleged by Ms. Durso in the Underlying Action.**

**Specifically, Merrimack argues that coverage is excluded pursuant to the homeowner's policy's "Motor Vehicle Liability Exclusion" because "Hodge's alleged liability for Durso's alleged injuries and damages in the Underlying Action arises out of the ownership, operation, use, loading, and/or unloading of Hodge's vehicle." [Am. Compl. ¶ 24]. Merrimack alleges that, immediately prior to the accident, Ms. Durso was driving Ms. Hodge's personal vehicle and parked the vehicle in Ms. Hodge's driveway. [Am. Compl. ¶ 12]. Ms. Durso then exited the vehicle and walked around the back, at which point, Ms. Hodge activated a handicap ramp that was part of the vehicle. [Am. Compl. ¶¶ 13-14]. Ms. Durso then tripped over the ramp as she walked along the passenger side of the vehicle,**

---

[1] **For clarity purposes, Merrimack amended its complaint to split count one of the original complaint into two separate counts: the first count seeks a declaration that Merrimack has no duty to defend Ms. Hodge in the Underlying Action and the second count seeks a declaration that it has no duty to indemnify her.** *See* **[Dkt. 42 (Pl. Mot. for Leave to File Am. Compl.),** *granted* **at Dkt. 46]. The original complaint sought a declaration as to both issues in a single count. [Dkt. 1 (Compl.) ¶ 29].**

resulting in her injuries. [Am. Compl. ¶ 15]. The parties do not dispute the facts concerning the accident. See [Dkt. 23 (Joint 26(f) Report, Statement on Undisputed Facts) ¶¶ 7-11].

Ms. Durso answered the complaint stating that she ". . . is an incidental defendant in this action and has no interest in the outcome, except to point out that her allegations of negligence, in her state court action, involve the maintenance of the property owned and controlled by the defendant Hodge, as opposed to the operation and/or maintenance of the motor vehicle involved." [Dkt. 15]. Ms. Durso's responsive pleading does not comply with Fed. R. Civ. P. 8(b); it does not (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party, nor is it a general denial.

Ms. Durso objected to Merrimack's interrogatories, arguing again that she has no interest in the declaratory judgement action and "can provide no information that is potentially relevant to the declaratory judgment action, which will be based solely upon the claims made in the complaint filed by Ms. Durso in the state action. As a result, there is no reason for Ms. Durso to be a party to this action." [Dkt. 39-2, Pl. Ex. A (Durso Resp. to Pl. Interrogs. and Req. for Produc.) at 3]. Ms. Durso agreed to provide Merrimack with her medical records and bills in connection with her injuries. [*Id.* at 4]. Ms. Durso also responded that she would not be calling any witnesses and that there are no communications between her and Ms. Hodge concerning the accident. [*Id.* at 5-6]. Finally, she agreed to provide

responses to interrogatories and production requests from the Underlying Action. [*Id.* at 6].

The parties met and conferred pursuant to Local Rule 37(a) and Fed. R. Civ. P. 37(a)(1) but were unable to resolve the discovery dispute. [Dkt. 39-1 (Aff. of Atty. Kelly E. Petter)]. Merrimack's motion to compel followed.

## Discussion

### 1. Legal Standard

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B), a party seeking discovery may move for an order to compel if an opposing party fails to answer interrogatories propounded under Rule 33, or fails to produce or permit inspection of documents requested under Rule 34.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). However, the Court "must limit the frequency or extent of discovery ... if it determines that ... the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

The burden of establishing relevance lies with the party seeking discovery. *Citizens Union of City of N.Y. v. Attorney General of N.Y.*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. Sept. 1, 2017); *Bagley v. Yale Univ.*, No. 3:13-CV-01890 (CSH), 2015 WL 8750901, at *7 (D. Conn. Dec. 14, 2015). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see* Fed. R. Civ. P. 26(b)(1) (requiring only that discovery be "*reasonably calculated* to lead to the discovery of admissible evidence") (emphasis added). The information need not be admissible to be discoverable. Fed. R. Civ. P. 26(b)(1). "Once relevance has been shown, it is up to the responding party to justify curtailing discovery." *Fireman's Fund Insurance Co. v. Great American Insurance Co. of New York*, 284 F.R.D. 132, 135 (S.D.N.Y.2012) (internal quotation marks omitted).

## 2. Parties' arguments

Merrimack argues that the subject interrogatories and requests for production seek discoverable information because they seek information related to Ms. Durso's injuries and "impact the determination of whether said injuries are covered by the insurance policy." [Pl. Mem. in Supp. at 4]. Merrimack argues that Ms. Durso puts forth "no legitimate argument or authority to demonstrate that the information requested in the plaintiff's discovery is irrelevant to the subject action" when responding to the discovery requests. [*Id.* at 5]. It further argues that Ms. Durso fails to show that the discovery is disproportionate to the costs because "it improperly focuses on the cost to defense counsel, in that he is not getting paid

for his involvement in this action, and disregards the relevance of the discovery to this action" and fails to show how the discovery requests are unduly burdensome. [*Id.* at 6-7].

In opposition, Ms. Durso maintains that she does not have an interest in the outcome of this action. [Def. Mem. in Opp'n at 3]. She argues that "[t]he determination of coverage in this case can only be based upon the language of the respective policies and the allegations in the underlying state action's Complaint, all of which are available to the plaintiff, without the need for discovery on the defendant Durso." [*Id.*]. She further argues that Merrimack has access to the written discovery from the Underlying Action and Merrimack's counsel was present at Ms. Durso's deposition. [*Id.*]. Finally, she argues that the parties' resources and relative access to information is skewed in favor of Merrimack and the federal interest in the litigation is minimal. [*Id.* at 3-5].

In reply, Merrimack argues the case is not merely a dispute between insurance carriers as Merrimack also seeks a declaration as to Ms. Hodge and Ms. Durso. [Dkt. 45 (Pl. Repl. Br.)]. Additionally, Merrimack seeks a declaration as to its defense and indemnity obligations. [*Id.*]. Consequently, the facts at issue in the coverage dispute extend beyond the allegations in the Underlying Action. [*Id.*].

The Court agrees with Merrimack that Ms. Durso's argument mischaracterizes the scope of the action and the interrelated issue of relevance for discovery purposes. On the other hand, there is credence to Ms. Durso's argument

that some of Merrimack's discovery requests are duplicative of materials already produced from the Underlying Action. The Court will address each issue in turn.

### 3. Relevance under Fed. R. Civ. P. 26(b)(1)

Ms. Durso's argument mischaracterizes her position as a disinterested litigant in a dispute between two insurance carriers as to which carrier covers her tort claim against Ms. Hodge. This is an inaccurate description of the current claims and the legal relationship between the parties.

Merrimack seeks a declaration that it does not have a duty to defend Ms. Hodge in the underlying action or to indemnify her for damages. Merrimack is no longer pursuing its claims that coverage exists under the CSAA policy and its related claim for equitable subrogation. The issue is now strictly confined to whether a defense or indemnity obligation exists under the Merrimack Policy. Whether coverage exists under the CSAA policy is no longer relevant. Regardless, Ms. Durso is an interested party in the dispute over Merrimack's coverage obligations.

Under Connecticut law, a judgment creditor may bring an action against an insurer whose insured has had a judgment entered against them for property damage, bodily injury or death that is covered by an insurance policy, if the insurer does not satisfy the judgment within thirty days of the judgment being rendered. Conn. Gen. Stat. § 38a-321. Resolution of this declaratory judgment action will affect Ms. Durso's rights, as a judgment creditor should she prevail in the state action, to seek satisfaction of any judgment from Merrimack.

8

In *DaCruz v. State Farm Fire & Cas. Co.*, 268 Conn. 675, 685-93 (2004), the Connecticut Supreme Court held that a judgment creditor is collaterally estopped from asserting a direct action against an insurer under Conn. Gen. Stat. § 38a-321 when the insurer obtains a declaration that it has no duty to defend the insured (and correlatively no duty to indemnify) and the judgement creditor was joined in the declaratory judgment action. *DaCruz* makes Ms. Durso's interest in this litigation clear. If *Merrimack* prevails in this action, it will extinguish any right she may have to collect any subsequently obtained judgment from the policy.

Second, and more importantly, an insurer's duty to defend and the duty to indemnify are recognized as two distinct obligations under Connecticut law. "It is well established that a liability insurer has a duty to defend its insured in a pending lawsuit if the pleadings allege a covered occurrence, even though facts outside the four corners of those pleadings indicate that the claim may be meritless or not covered...." *Hartford Cas. Ins. Co. v. Litchfield Mut. Fire Ins. Co.*, 274 Conn. 457, 464 (2005) (*quoting QSP, Inc. v. Aetna Cas. & Sur. Co.*, 256 Conn. 343, 352 (2001)). Thus, the often-critical issue for determining whether a liability insurer is obliged to defend its insured is whether the allegations in the underlying complaint might be covered under the policy. *See id.* at 465 ("With this language in mind, we must determine whether the complaint in the [underlying] action alleged an injury that *might* be covered under the [business liability insurance] policy.")(italics in original).

"In contrast to the duty to defend, the duty to indemnify is narrower: while the duty to defend depends only on the allegations made against the insured, the

duty to indemnify depends upon the facts established at trial and the theory under which judgment is actually entered in the case." *DaCruz*, 268 Conn. at 688 (Conn. 2004) (citations and internal quotation marks omitted). "Thus, the duty to defend is triggered whenever a complaint alleges facts that potentially could fall within the scope of coverage, whereas the duty to indemnify arises only if the evidence adduced at trial establishes that the conduct *actually* was covered by the policy." *Id.* (emphasis in original) (citations and internal quotation marks omitted). If there is no defense obligation it necessarily follows that there is no indemnity obligation. *Id.*

If the duty to defend is generally determined by analysis of the four corners of the complaint and the insurance policy, is the determination of an insurer's indemnification obligations strictly confined to the record in the underlying case? The short answer is no. In *Nationwide Mut. Ins. Co. v. Pasiak*, 327 Conn. 225, 263-70 (2017), the Connecticut Supreme Court held that the insurer could litigate whether a "business pursuits" exclusion applied without being confined to the record in the underlying case, which resulted in a general verdict against the insured. The court held that the general verdict against the insured could not be given preclusive effect where the insurer was not a party to the underlying action and its reservation of rights destroyed privity with its insured. *Id.* at 264-65. The court recognized that there are some efficiency arguments in favor of adjudicating the coverage dispute in the underlying action, but it found three reasons why coverage could not be properly adjudicated in that manner. *Id.* at 266.

"First, defense counsel provided by the insurer would violate his or her duty to the insured by proffering evidence intended to prove a lack of coverage." *Id.* Thus, counsel could not request special interrogatories or verdicts without breaching their exclusive duty to their client- the insured. *Id.* "Second, facts pertaining to insurance coverage may have no relevance to the issues of liability and damages that the trier of fact must decide in the underlying action." *Id.* at 267. Third, relatedly, insurance coverage is inadmissible to prove liability. *Id.* (citing Conn. Code Evid. § 4–10).

Since the insurer was not collaterally estopped by the general verdict because of their conflicted position and the coverage issue could not have been litigated in the underlying action, the court had to determine the scope of the evidence to be considered. It held "when the issue was not litigated or insufficient factual findings were made to make a determination on the coverage issue, there is a consensus that additional evidence properly may be introduced." *Id.* at 269. Accordingly, because there was no privity and the coverage issue existed independent of the allegations to be proved in the underlying trial, the insurer was entitled to a de novo trial on the coverage issue. *Id.* at 269-70.

To illustrate the relevance of information beyond the scope of the underlying action, the Court will assume (without deciding) that the broad causation allegations in the complaint in the Underlying Action allege an injury that *might* be covered under the Merrimack policy. It does not necessarily follow that the resolution of the Underlying Action will determine the facts essential to adjudicating whether the "motor vehicle liability" exclusion applies or whether any

of the carve-backs to the exclusion invokes coverage where it would otherwise be excluded. *See* [Am. Compl. ¶ 22] (providing text of the exclusion). For example, whether Ms. Hodge exercised reasonable care in maintaining her premises has nothing to do with whether the vehicle was "registered for use on public roads" or whether Ms. Hodge's alleged liability for the injuries "arises out of the ownership, operation, use, loading, and/or unloading of Ms. Hodge's vehicle." [Am. Compl. ¶¶ 23-24].

Accordingly, the Court concludes that the information sought by Merrimack concerning the cause of Ms. Durso's injuries is relevant under Fed. R. Civ. P. 26(b)(1), even if it extends beyond that which has been produced in the Underlying Action.

### 4. Burden and proportionality of discovery

Federal Rule of Civil Procedure 26(b)(1) contemplates that evidence may be relevant but not discoverable because the information sought is not "…proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

"Proportionality focuses on the marginal utility of the discovery sought." *Vaigasi v. Solow Mgmt. Corp.*, No. 11CIV5088RMBHBP, 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016)(citations omitted). Here, Merrimack established that the information it sought concerning the cause of Ms. Durso's injuries is relevant for

12

adjudicating whether it is obliged to indemnify Ms. Hodge in the Underlying Action. This information is not relevant for adjudication of its duty to defend. Moreover, the parties' statement of undisputed facts in the joint 26(f) report demonstrates that there is agreement concerning the cause in fact of Ms. Durso's injuries: upon exiting Ms. Hodge's vehicle, she tripped over the handicap ramp extending from the vehicle and fell onto Ms. Hodge's driveway. [26(f) report at 4]. There is no need to engage in discovery over any undisputed issue. Through this lens, the utility of the additional information sought from Ms. Durso is marginal.

Additionally, the information sought is likely duplicative of the discovery in the Underlying Action or that which is already in Merrimack's possession. Pursuant to Fed. R. Civ. P. 26(b)(2)(C)(i), the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

> (i)   the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; . . .

For example, Merrimack's Interrogatory No. 12 asks Ms. Durso to: "Please describe your injuries in the November 30, 2019 incident and the treatment you have received for such injuries." She responded with "ANSWER: See complaint filed in New Haven Superior Court and medical information provided on the attached CD." Given Ms. Durso's interest in maximizing her recovery in the Underlying Action, one would assume that her responses would be complete.

Considering that Ms. Durso is pursuing a premise liability theory in the Underlying Action, Merrimack's interrogatories concerning her prior use of Ms. Hodge's automobile are relevant here. They are also relevant in the Underlying

Action because an invitee has a duty to take reasonable precautions to assure her own safety, placing her familiarity with the circumstances presented at issue. *See* Interog. No. 8 ("Please state whether you had driven the vehicle involved in the incident prior to November 30, 2019 and if so, state each date that you had operated the vehicle."). However, the Federal Rules of Civil Procedure do not limit the scope of Merrimack's discovery to that produced in another action or requested by another party.

Ms. Durso failed to respond or object to most of the interrogatories and requests for production, citing only to her blanket relevance objection, which the Court has overruled. She has not made a proffered to demonstrate, as required, that the discovery sought by Merrimack is unduly burdensome, so no resource asymmetry between Merrimack and Ms. Durso exists.  Attorney Jacobs entered an unlimited appearance for Ms. Durso in this action. [Dkt. 13]. The scope of his representation of Ms. Durso therefore has no bearing on the scope of discovery or the relative burdens. Finally, the underlying issues are discrete and concern a common negligence action arising from a single accident resulting in bodily injuries.

Taking all the proportionality factors into consideration and considering the relative utility of the information, based on the record presented the Court grants Merrimack's motion to compel. However, now that Merrimack has received the discovery responses from the Underlying Action, it is in a better position to determine whether additional discovery is necessary to adjudicate the coverage issue, considering the scope of discovery outlined here.

14

## Conclusion

For the above stated reasons, Merrimack's motion is granted. The Court recently granted Plaintiff's motion to extend discovery by 90 days and entered an amended scheduling order. [Dkt. 47 (Order granting ext.)]; [Dkt. 48 (Am. Scheduling Order)]. Considering this ruling and the recent extension of discovery, the Court enters the following case management orders:

IT IS ORDERED that Merrimack review the discovery materials from the Underlying Action.

WITHIN 21 days of this ruling, Merrimack shall serve a second set of interrogatories and requests for production on Ms. Durso.

IT IS ORDERED that Ms. Durso respond to Merrimack's second set of interrogatories and requests for production within 30 days of service as required by Fed. R. Civ. P. 33(b)(2) and Fed. R. Civ. P. 34(b)(2)(A), respectively. Each interrogatory or request for production must be answered fully and separately and any objection must be stated with specificity as required by the Federal Rules of Civil Procedure. Counsel is forewarned that Fed. R. Civ. P. 37 provides that the Court may impose sanctions for failing to respond to discovery.

IT IS ORDERED that Ms. Durso amend her answer to comply with Fed. R. Civ. P. 8(b) within 14 days, otherwise the Court will enter a default against her.

The Court is disinclined to grant any modification of these deadlines.

Finally, it bears observation that while Ms. Durso has a legal interest in the outcome of this litigation, she has repeatedly argued that she is disinterested in the outcome. As a properly joined defendant, she will be required to participate in each stage of the litigation, including discovery, dispositive motion practice, and, if necessary, trial.[2]

Settlements are often reached where a party determines that the perceived costs and risks of litigation outweigh its potential benefits. This is not to suggest any prediction about the outcome of this case or the Court's view on whether settlement is advisable. Indeed, the parties' 26(f) report indicated that settlement was unlikely at that time. Since the 26(f) report was filed, the Court ruled on CSAA and Ms. Hodge's motion to dismiss, the parties have exchanged some discovery, and Merrimack narrowed the scope of the action. The Court would refer the case to a magistrate judge for a settlement conference if the parties file a joint motion requesting a referral and indicate that settlement is likely. The Court is indifferent to the manner of disposition, except that the Court will not modify the scheduling order to accommodate a belated request for a settlement conference.

IT IS SO ORDERED

_____/s/_____

Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: May 21, 2021

_____

[2] Of course, non-parties can be compelled to produce documents and testify at a deposition or trial pursuant to a subpoena. Fed. R. Civ. P. 45.

16